J-S57013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WYNDEL DEVERO | : | |
| | : | |
| Appellant | : | No. 3976 EDA 2017 |

Appeal from the PCRA Order November 16, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007044-2011

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 20, 2018**

Wyndel Devero appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas denying his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 18 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

Due to our disposition of this matter, a detailed recitation of the factual and procedural history of this case is unnecessary. Briefly, in September 2012, Appellant pled guilty to robbery, conspiracy to commit robbery, and possessing an instrument of crime and was immediately sentenced to an aggregate term of 8½ to 23 months imprisonment, followed by 17 years' probation. Appellant was immediately paroled. Shortly thereafter, Appellant was charged with aggravated assault.

_____

* Retired Senior Judge assigned to the Superior Court.

As a result of his new charge, a parole and probation violation hearing was held pursuant to **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973).[1] The court determined Appellant violated the terms of his probation and parole, revoked his parole and ordered Appellant to serve the remainder of his back time on his robbery conviction. The court also revoked Appellant's probationary sentences and resentenced him to an aggregate term of 10 to 20 years' imprisonment, followed by 5 years' probation.

Appellant appealed. A panel of this Court affirmed Appellant's judgment of sentence and our Supreme Court denied allowance of appeal. **See Commonwealth v. Devero**, No. 368 EDA 2014 (Pa. Super., filed Nov. 05, 2014) (unpublished memorandum).

On February 1, 2016, Appellant filed a series of *pro se* PCRA petitions, alleging his initial probationary sentence was illegal, he was illegally resentenced in violation of **Alleyne v. United States**, 570 U.S. 99 (2013), and that his resentencing violated the double jeopardy clause of the United States and Pennsylvania Constitutions. The PCRA court appointed counsel who later filed a **Turner**/**Finley**[2] "no merit" letter and a motion to withdraw. Based on counsel's "no-merit" letter and its independent review of the record, the

---

[1] **Kates** permits parole and probation revocation hearings based on an alleged "direct violation" of probation or parole in situations where the alleged violation is premised upon conduct that is the subject of an open criminal case. **See** 305 A.2d at 709.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

PCRA court issued its notice of intent to summarily dismiss the petition. Appellant did not respond to the PCRA court's notice. The court later permitted counsel to withdraw and dismissed Appellant's petition. This timely appeal follows.

On appeal, Appellant raises the following issues:

I.  Did the [t]rial [c]ourt err and abuse its discretion when it imposed a sentence of ten (10) to twenty (20) years imprisonment, plus five (5) years probation when it failed to properly wait until the final disposition of the new criminal charges…. Thus, in violation of the [p]robation and [p]arole [s]tatute.

II.  Did the [t]rial [c]ourt err in denying Appellant's [PCRA] [p]etition since trial counsel was constitutionally ineffective for failing to object to the [c]ourt's assertion that [Appellant's] acceptance of responsibility for an Aggravated Assault … was enough to revoke the [p]robation and [p]arole and resentence him to a term of imprisonment without following the statutory requirements pursuant to 61 Pa.C.S.A. § 6138. Thus, violating [Appellant's] rights under both the Sixth and Fourteenth Amendments.

III.  Did the [t]rial [c]ourt err in denying Appellant's [PCRA] [p]etition since direct appeal counsel was constitutionally ineffective for failing to challenge the fact that the [t]rial [c]ourt erred and abused it's [sic] discretion when it revoked [p]robation and [p]arole … and resentenced [Appellant] prior to the disposition of new criminal charges … where he was found to be [n]ot [g]uilty. Thus a violation of [Appellant's] right to due process pursuant to the Fourteenth Amendment.

Appellant's Brief, at 3, ¶¶ I-III.

Prior to reaching the merits of any of Appellant's claims, we must determine whether he has properly preserved these claims for our review. Appellant's first issue raises claims of trial court error.

- 3 -

> The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not). **Commonwealth v. Spotz**, 18 A.3d 244, 260-61 (Pa. 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised direct appeal).

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*).

Appellant failed to raise this issue on direct appeal. So, we find that issue waived.

Appellant raises his remaining claims, of counsel's ineffectiveness, for the first time in his Rule 1925(b) statement. Because Appellant failed to present either of these claims to the PCRA court, these claims have not been properly preserved for our review. **See** Pa.R.A.P. 302(a); **Commonwealth v. Mason**, 130 A.3d 601, 626 (Pa. 2015) (finding the failure to include issues in PCRA petition constitutes waiver).

Thus, we find Appellant has waived all of his issues on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/18

- 4 -